IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | | |
|---|---|---|
| MENICO PARIS DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | 2:17-cv-00732-JO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COLLETTE PETERS, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

JONES, Judge

On May 2, 2017, plaintiff Menico Davis filed this lawsuit *pro se* while he was in the custody of the Oregon Department of Corrections ("ODOC"). On July 6, 2018, ODOC released Davis from custody. He has failed to provide contact information to defendants or to the court since the time of his release. The matter is now before me on defendants' motion to dismiss under Fed. R. Civ. P. 41(b) for failure to prosecute. [# 53] For the following reasons, defendants' motion is granted.

Under Rule 41(b), a defendant may move to dismiss an action if the plaintiff fails to prosecute, fails to comply with the applicable rules, or fails to comply with an order of the court. Fed. R. Civ. P. 41(b). Here, Davis has failed to comply with the Local Rule requirement to keep the Clerk's Office informed of his current contact information. He has failed to comply with the scheduling order of the court [# 50] by failing to file a timely opposition to the defendants' motion

1 - ORDER

for summary judgment. He has failed to actively prosecute his case by failing to take any action to move the case forward since his release from ODOC custody five months ago.

In determining whether to dismiss under Rule 41(b), the court must weigh certain factors, including the public's interest in expeditious resolution of litigation, the court's interest in managing its docket, the risk of prejudice to the defendants, the availability of less drastic alternatives, and the public policy favoring the disposition of cases on the merits. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). I have considered these factors and conclude that, on the whole, dismissal is appropriate in this case. Although a disposition on the merits is preferable, Davis's failure to participate makes that outcome impossible. The other factors favor dismissal.

Accordingly, the complaint in this case is dismissed for failure to comply with Local Rule 83-10(a), failure to comply with the court's orders, and failure to prosecute. The dismissal operates as an adjudication on the merits pursuant to Fed. R. Civ. P. 41(b). All remaining motions are denied as moot.

IT IS SO ORDERED this 3rd day of October, 2018.

_____
ROBERT E. JONES
United States District Judge